No. 33.—WILLIAM J. THOMAS, plaintiff in error, *vs.* JNO. A. LAVENDER and others, defendants in error.

[1.] [2.] A first original attachment was directed : " to all and singular the Sheriffs and Constables of this State, *of said county*" : *Held,* that this misdirection, made both the first and second originals void.

Attachment and claim, in Houston Superior Court.   Tried before Judge POWERS, October Term, 1853.

William J. Thomas sued out an attachment, returnable to Crawford Superior Court, against Jno. A. Lavender.   The attachment was directed, "to all and singular, the Sheriffs and Constables of this State, *of said county*".   A second original was issued, under the Statute, for the county of Houston, which was directed, "to all and singular, the Sheriffs and Constables of this State".   This was levied on a negro, and a claim interposed by James S. Lavender.   On the trial of that claim, counsel moved to dismiss the attachment, (having procured the original papers from the Clerk of the Superior Court of Crawford county,) on the ground that the original attachment was misdirected and void; and hence, the second original for Houston county, must also fail.   To this, it was replied, that the addition " *of said county*" was surplusage, and amendable.   The Court sustained the motion to dismiss, and this is assigned as error.

Defendants in error joined issue, with a protest, that the original attachment being returnable to Crawford Superior Court, a writ of error could not lie to Houston Superior Court; nor could the Clerk of Houston Superior Court send a transcript of the record.

SCARBOROUGH & BAILEY, for plaintiff in error.

MILLER, and S. & R. P. HALL, for defendants in error.

*By the Court.*—BENNING, J., delivering the opinion.

In 1836, the Legislature passed an Act, entitled, in part, "an Act to amend the several Acts regulating attachments in this State".

The third section of that Act declares, among other things, as follows: "all attachments hereafter issued, returnable to either the Superior or Inferior Courts of the State, shall be directed to all and singular, the Sheriffs and Constables of this State". (*Pr. Dig.* 41, 42.)

The second section of the Attachment Act of 1799, had, among other things, declared that attachments should be directed to, and served by, the Sheriff of the county where the property might be found, or his Deputy, or any Constable.

This is the part of the Act of 1799, which is amended by the part above quoted, of the Act of 1836. And the effect of the amendment is, to substitute this part of the Act of 1836, for that part of the Act of 1799—that is to say, the effect is, to strike from the Act of 1799, that part of it; and in the place thus left vacant, to insert this part of the Act of 1836.

Since the Act of 1836, therefore, the Act of 1799 has been to be read, as if, in place of its own provision, it had inserted in it, the provision of the Act of 1836.

A *subsequent* part of the same second section of the Act of 1799, is in these words: "and all attachments issued and returned, in any other manner than is hereinbefore directed, shall be, and the same are declared to be null and void".

Thomas *vs.* Lavender *et al.*

In the case before the Court, the attachments were issued in the County of Crawford; and the direction of the first original was, "to all, and singular the Sheriffs and Constables of this State, *of said county*". The words, "of said county", make this direction different from what the Act of 1799, amended, as aforesaid, by the Act of 1836, required it to be. And the direction of an attachment, makes a part of what constitutes the manner of issuing it. These words, therefore, make the manner of issuing the attachment, different from that which the Act of 1799, as amended by the Act of 1836, required it to be.

The manner of issuing being different, did that make the attachments null and void? The answer depends upon this—was the difference a material one?

A direction, to all and singular, the Sheriffs and Constables of this State, of said county, cannot, possibly, be a direction to more than all and singular, the Sheriffs and Constables "of said county". This is plain. If the direction were good, the warrant could be executed only by the Sheriff and Constables of a single county.

But the direction required by the Act of 1799, as amended by the Act of 1836, is one, "to all and singular, the Sheriffs and Constables of this State". By virtue of such a direction as this, the warrant could be executed by the Sheriff and Constables of every county in the State.

A difference, such as this, between the direction as it was, and the direction as the Statute required it to be, is manifestly a material one.

[1.] It follows, therefore, that the attachment, by the sentence of the Act of 1799, as amended by the Act of 1836, was null and void. The language of the Act is irresistible—"all attachments issued and returned, in any *other* manner than is hereinbefore directed, shall be, and the same are hereby declared to be, null and void".

The word "hereinbefore", is obviously applicable to the Act as it stands existing—that is, as it stands amended by the Act of 1836.

The first original attachment—the attachment for the county of Crawford, then, was null and void. How was it, as to the second original—the attachment for the county of Houston ? That was properly directed, and it was returned to the County of Houston, as it should have been, supposing its antecedents to have been proper.

[2.] Still, we think, that as, in cases of this kind, the first original is manifestly the foundation for the second—if the first is void, the second is too.